## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### District Judge William J. Martínez

Civil Action No. 14-cv-00303-WJM

ROGER DAVID JOHNSON, JR.,

    Applicant,

v.

WARDEN FALK, Sterling Correctional Facility, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

    Applicant, Roger David Johnson, Jr., a state prisoner in the custody of the Colorado Department of Corrections, currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Applicant initiated this action by filing *pro se* an Application for a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2254, in which he challenges the validity of his conviction and sentence in Adams County District Court Case No. 07CR1984.

    On February 20, 2014, U.S. Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Response on March 6, 2014. Applicant did not reply.

    The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not "assume the role of advocate for the *pro se* litigant."  *See Hall*, 935 F.2d at 1110.

The Colorado Court of Appeals (CCA) described the state procedural background of this case as follows:

> Defendant was tried three times.  At the first trial, the jury found him guilty of second degree assault and false imprisonment.  The jury was unable to reach a verdict on the two sexual assault charges, and the trial court declared a mistrial as to those charges.  Defendant's second trial prematurely ended in a mistrial, and at the third trial he was convicted of both sexual assault charges.

*People v. Johnson, Jr.*, No. 08CA2699 (Colo. App. May 31, 2012).  The trial court merged the two sexual assault convictions and imposed an indeterminate term of forty-eight years to life, plus parole of twenty years to life.  Pre-Answer Resp., ECF No. 10-1, App. A at 2 and 4.  The trial court also sentenced Applicant to sixteen years for the second degree assault and a concurrent one-year jail term for false imprisonment.  *Id.* at 2-4.

Applicant appealed, and his conviction was affirmed on May 31, 2012.  *Johnson*, No. 08CA2699.  A petition for certiorari review was denied on November 27, 2012.  *See Johnson v. People*, No. 2012SC525 (Nov. 27, 2012).  Applicant filed two other pleadings in state court, a Colo. R. Crim. P. 35(b) motion on June 10, 2013, that was denied the day after it was filed, and an unidentified request on August 2, 2013, that has not been ruled as of March 6, 2014.  App. A at 4.

Applicant raises three claims in this action, including: (1) the mistrial was not a manifest necessity and, therefore, the third trial violated double jeopardy; (2)(a) a failure to conduct *voir dire* of a prospective juror to explore inconsistency of answers in

questionnaire and during in camera *voir dire*, and (b) a denial of Applicant's for-cause challenge to this prospective juror caused him to exercise a peremptory strike; and (3) prosecutor improperly introduced prior instances of Applicant physically abusing victim.

Respondents concede that the action is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), but they argue that Claim One is procedurally defaulted and Claim Two (part b) is anticipatorily defaulted. Respondents also identify a fourth claim (Claim Two) in the Pre-Answer Response. The claim, a confrontation Sixth Amendment issue, is in support of Claim One and is not raised as a separate federal claim in this action. The claim also was not raised as a separate federal claim in Applicant's appeal brief, *see* Pre-Answer Resp. ECF No. 10-5, App. E, and now would be anticipatory defaulted (anticipatory default is discussed below). The Court, therefore, will refrain from addressing the merits of this claim.

 Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of *habeas corpus* may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. People*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a *habeas corpus* petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal *habeas corpus* action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (explaining that claims "raised and resolved" or "that could have been presented" in a

prior appeal or post-conviction proceeding will generally be denied); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Rule 35 proceedings prevent injustices afer conviction and sentencing but do not provide perpetual review. *See People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (citing *People v. Hampton*, 528 P.2d 1311, 1312 (1974)).

Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is subject to an anticipatory procedural bar, *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007), and is procedurally barred from federal habeas review, *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the *habeas corpus* context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. A federal court may proceed to the merits of a procedurally defaulted *habeas* claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice if the merits of a claim are not reached. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). Applicant's *pro se* status does not exempt him from the requirement of demonstrating cause for the default and actual prejudice or failure as a result of the alleged violation of federal law or demonstrating that failure to consider the

claims will result in a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319. Applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new

evidence." *Id.* at 327.

The Court has reviewed Applicant's opening brief on direct appeal and the CCA's order affirming Applicant's conviction and finds as follows.

1. Claim One

First, Claim One was dismissed by the CCA because defense counsel made no statements that could have been understood as an objection to the mistrial and resulted in Applicant waiving an objection. *See Johnson*, 08CA2699 at 13. The CCA determined that as a matter of record defense counsel failed to make clear her lack of consent or acquiescence in the termination order. *Id.* The CCA relied on *Paul v. People*, 105 P.3d 628, 633 (Colo. 2005). In *Paul*, the CSC stated that Colo. Rev. Stat. § 18-1-301(2) makes clear that "termination will not be considered improper if the defendant consents to it or waives any objection," and notes that a "waiver occurs whenever the defendant fails to register an objection on the record, contemporaneously with the Court's order. *Paul*, 105 F.3d at 633. The CCA found that

> The court asked for defense counsel's response to the request for a mistrial, and she replied, "Judge, it's hard for me to respond to that, because I did make the mistake, um – I will leave it up to the Court as to . . . ." It is unclear whether defense counsel tailed off her remarks or the court cut her off. In either event, the court declared a mistrial after finding manifest necessity, stating that the "question was so wholly improper and injects into this case the question fo the victim's sexual conduct with a third party, which cannot be removed."
>
> The trial court then asked both counsel when they were available to retry the case, and the issue was discussed both before and after the court recalled the jurors to excuse them. Defense counsel participated in both discussions without objection. During the second discussion, she indicated that defendant would waive his statutory speedy trial right to retrial within ninety days.

> We conclude that, because defense counsel made no statements that could have been understood as an objection to the mistrial, defendant waived his objection. During the exchange with the court on the appropriate remedy, defense counsel repeatedly apologized for the question and repeatedly objected to the court's prohibiting evidence on the victim's alleged romantic interest, but she made no statements indicating that she objected to a mistrial. When asked for her response to the prosecution's request for a mistrial, she stated that she would leave it up to the court. She did not object to the mistrial during either discussion regarding resetting the case for trial, and she indicated that defendant waived his right to retrial within ninety days. Thus, the defense failed to contemporaneously make clear, as a matter of record, its lack of consent or acquiescence in the termination order.

*See Johnson*, 08CA2699 at 12-14.

Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and Applicant bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not insatiable . . . [because] '[d]eference does not by definition preclude relief.' " *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). Applicant claims that defense counsel "was cut-off and intimidated into silence by the trial court." Application at 14. Applicant's intimidation claim was before the CCA. *See* Preliminary Resp., ECF No. 10-5, App. E. at 43-44. In his appeal brief, Applicant also relies on the record, which in part states as follows:

> DEFENSE COUNSEL: Judge it's hard for me to respond to that [the mistrial request], because I did make the mistake, um–I wil leave it up to the Court as to . . . .

*Id.* at 45. The Court finds Applicant's claim of intimidation conclusory and defense counsel's statement lacking in clear and convincing evidence that she objected to the mistrial. Even if Applicant felt intimidated by the trial court, she still did not object as required by Colo. Rev. Stat. § 18-1-301(2). The Court, therefore, finds that Claim One

is procedurally defaulted pursuant to state law and barred from federal habeas review.

2. Claim Two (part b)

Pursuant to *Ross v. Oklahoma*, 487 U.S. 81, 88-90 (1988), the fact that Applicant was required to use a peremptory challenge to achieve the goal of an impartial jury does not demonstrate that his constitutional rights were violated.  Applicant's claim only pertains to a state doctrine of an express right to peremptory challenges set forth under Colo. Rev. Stat. § 16-10-104(1), and acknowledged in *People v. Prator*, 856 F.2d 837, 840 (Colo. 1993).  Even if Applicant's peremptory challenge claim could be framed as a federal constitutional violation, he is barred by Colo. R. Crim. P. 35(c)(3)(VII), because a postconviction court must deny a claim that could have been presented in a previous appeal.  Applicant's peremptory challenge claim now is anticipatorily defaulted.

Applicant did not reply to the Pre-Answer Response and fails otherwise in the Application to show cause for waiving either the procedural or anticipatory default and for finding actual prejudice as a result of any alleged violation of federal law.  Applicant also has not demonstrated that the failure to consider Claims One and Two (part b) will result in a fundamental miscarriage of justice.  Accordingly, it is

ORDERED that Claims One and Two (part b) are dismissed as procedurally barred from federal *habeas* review.  It is

FURTHER ORDERED that within thirty days from today Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims Two (part a) and Three.  It is

FURTHER ORDERED that within thirty days of the filing of an answer Applicant

may file a reply if he desires. It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Case No. 07CR1984, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims. It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

    (1)    Clerk of the Court
               Adams County District Court
               1100 Judicial Drive
               Brighton, Colorado 80601; and

    (2)    Court Services Manager
               State Court Administrator's Office
               1300 Broadway
               Denver, Colorado 80203.

Dated this 9th day of May, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge