IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge William J. Martínez

Civil Action No.  14-cv-0303-WJM

ROGER DAVID JOHNSON JR.,

    Applicant,

    v.

WARDEN FALK, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER DISMISSING CASE

At issue is the "Motion to Withdraw Habeas Corpus Without Prejudice in Order to Exhaust State Remedies as Required Under 28 U.S.C. § 2254(b)(1)(A)," ECF No. 26, that Applicant, Roger David Johnson Jr., filed *pro se* on June 19, 2014.  Applicant asks that the Court dismiss this action without prejudice so he may return to state court to exhaust newly discovered evidence claims and constitutional arguments.

The Court must construe the Motion liberally because Applicant is a *pro se* litigant.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Fed. R. Civ. P. 41(a)(1)(A) provides that "the [applicant] may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer on the merits or motion for summary judgment has been filed by Respondents in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court

order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, construes the Motion as a Notice of Voluntary Dismissal filed pursuant to Rule 41(a)(1)(A)(i).  The file will be closed as of June 19, 2014, the date the Notice was filed with the Court.  *See Hyde Constr. Co.*, 388 F.2d at 507.

Applicant should note, however, that the time during which this application was pending in this Court does not toll the one-year limitation period in 28 U.S.C. § 2244(d).  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").  Only the time during which a proper postconviction proceeding is pending in state court is tolled for the purposes of § 2244(d).  *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000).  Accordingly, it is

ORDERED that the Motion to Withdraw, ECF No. 26, is construed as a Notice of Voluntary Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) and is effective as of June 19, 2014, the date Applicant filed the Notice in this action.  It is

FURTHER ORDERED that the action is DISMISSED WITHOUT PREJUDICE.

Dated this 23rd day of June, 2014.

BY THE COURT:

William J. Martínez
United States District Judge